UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JONATHAN TAYLOR, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil No. 15-CV-02299-JZ<br>)<br>) |
| - v - | ) Honorable Jack Zouhary<br>) |
| SPHERION STAFFING, LLC, and SPHERION OF LIMA, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

**<u>DEFENDANT SPHERION OF LIMA INC.'S MOTION TO BIFURCATE DISCOVERY</u>**

Defendant Spherion of Lima, Inc. ("Spherion"), by its attorneys Ice Miller LLP, hereby requests pursuant to FED. R. CIV. P. 42(b) that the Court enter an order bifurcating merits- and class-based discovery, and staying all class-based discovery until the parties resolve the merits of Plaintiff Jonathan Taylor's individual claims. In support of its motion, Spherion states the following:

### I. INTRODUCTION

Plaintiff Jonathan Taylor initiated this case as a class action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Spherion is a staffing agency based in Lima, Ohio. Spherion is a franchisee of Spherion Staffing, LLC, which Taylor voluntarily dismissed from the suit earlier this year.

The parties have discovered the following facts through written discovery, which seriously call into question the merits of Taylor's individual claims and his ability to serve as an appropriate class representative. Taylor applied for a job with Spherion in October 2014. During the application process Spherion failed to use the proper background check form under

the statute. Spherion conducted a background check on Taylor, and then offered Taylor at least three (3) jobs after he applied with the company (*i.e.* Spherion never took an "adverse action" against Taylor). Taylor did not accept any of the offered jobs, declining one of them because he didn't like the location.

Despite receiving three job offers, Taylor — a frequent-filer of FCRA lawsuits — filed a class action against Spherion for violating two sections of the FCRA. First, he sued under 1681b(b)(2), alleging that Spherion used the wrong background check form during the application process. That's the extent of his claim — using the wrong form, a pure procedural violation. Second, he sued Spherion under 1681b(b)(3), alleging that Spherion failed to send him an adverse action notice before using the results of his background check and declining to offer him a job. This just isn't true. The discovery shows that Spherion extended multiple job offers to Taylor but he declined them and chose to file a lawsuit instead of going to work.

At this point it would be an inefficient use of the parties' and the Court's time and resources to proceed with costly class-wide discovery. Taylor hasn't suffered an "adverse action" that would trigger liability under 1681b(b)(3), and Taylor hasn't suffered any actual harm or concrete injury based on Spherion's use of the wrong form in violation of 1681b(b)(2). Without a "concrete and particularized" injury, Taylor lacks Article III standing to pursue an FCRA claim, and he certainly lacks any basis to represent a class of individuals that also suffered no harm for signing the wrong form. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). In light of what discovery has revealed to date, it is respectfully requested that the Court bifurcate discovery so that the parties can finish discovery related to Taylor's individual claims, potentially resolve the merits of his individual claims on summary judgment, and then move on to class-wide discovery if Taylor has a case. The facts as of now show that he does not.

## II. BACKGROUND FACTS

Taylor applied for employment with Spherion on or about October 2014. (Compl. ¶ 36; *id.* Ex. A). As part of the application process he was required to electronically sign an application that authorized Spherion to obtain a background report about Taylor. (*Id.* ¶ 37; *id.* Ex. A). With respect to the background check application form, Taylor alleges that the form contained numerous other clauses and provisions "that are unrelated to the fact that Defendants would be obtaining a consumer report" about Taylor. (*Id.* ¶¶ 42-45, 54, 75).[1] Taylor alleges that by using this form Spherion violated Section 1681b(b)(2) of the FCRA. (*Id.* ¶¶ 74-75). These allegations serve as the entire basis for Count I of Taylor's complaint.

What's important, though, for purposes of subject matter jurisdiction, is that Taylor fails to allege how he was specifically injured as a result of Spherion's use of an improper background check form. Taylor does not allege an injury in fact; rather, he is seeking to collect only statutory damages for Spherion's procedural violation of the FCRA.

Spherion received a background report concerning Taylor from a third-party company called Asurint, which reported a criminal conviction. (Compl. ¶¶ 55, 56; LIMA000002-LIMA000004, attached hereto as **Exhibit 1**). According to Taylor the background report was inaccurate, in that he has no criminal history and has never been charged with any crime. (*Id.* ¶ 57). Taylor alleges that "in or around October 2014, Spherion removed Mr. Taylor from hiring consideration based on the Asurint background report," (*id.* ¶ 58-59), and that Spherion did so without sending Taylor "a pre-adverse action notice, a copy of the background report using in the hiring process, or a statement of FCRA rights under the FRCA." (*Id.* ¶ 60). Taylor alleges that by failing to provide him these documents, Spherion violated Section 1681b(b)(3) of the FCRA.

---

[1] Plaintiff refers to a "Mr. Vasquez" in Paragraph 43 of the Complaint. This allegation appears to be taken from a prior complaint, and we presume for purposes of this motion that Plaintiff means "Mr. Taylor."

(*Id.* ¶¶ 60, 79-80). Taylor alleges that he suffered "actual damages, including wage and pecuniary loss, humiliation, embarrassment and emotional distress" as a result of the lost job opportunity. (*Id.* ¶ 61).

Contrary to Taylor's allegations, discovery has shown that Spherion made three separate offers of employment to Taylor very soon after October 2014, when Taylor alleges Spherion removed him from hiring consideration. On November 4, 2014, Spherion offered Taylor employment with Masonite Door Fabrication Services. (LIMA000012, attached hereto as **Exhibit 2**). Taylor never accepted this offer. Spherion offered Taylor another job on November 11, 2014 with Exel (P&G Dayton), but this time Taylor declined the offer because the job was in an "undesirable location." (LIMA000013-LIMA000014, attached hereto as **Exhibit 3**). Then, Spherion offered Taylor yet another job with Dean Foods/Reiter Dairy on December 16, 2014, and Taylor failed to respond. (LIMA000016-LIMA000017, attached hereto as **Exhibit 4**). Taylor clearly was not subject to any "adverse action" as a result of the background check results that Spherion received. In fact, discovery has revealed that very few, if any, of the thousands of applicants for whom Spherion obtained a consumer report were subject to any adverse action. Thus, Taylor's only possible claim to relief is the allegation that Spherion failed to comply with the FCRA's procedural requirements, for which he must have suffered some sort of "concrete and particularized" injury.

Despite these factual deficiencies, Taylor is seeking to represent the following classes of individuals, comprised of individuals with whom Taylor lacks any sort commonality:

> (a) All natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this case, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Disclosure Form provided to Mr. Taylor and described above.

4

>   (b) All natural persons residing within the United States and its Territories who were the subject of a background report procured or caused to be procured from Asurint or any other consumer reporting agency that was used by Defendants to make an adverse employment decisions regarding such employee or applicant of employment, within five years prior to the filing of this action and extending through the resolution of this case, and for whom Defendants failed to provide the applicant a copy of his or her consumer report or a copy of the FCRA summary of rights before it took such adverse action.

(Compl. ¶ 64). Again, the discovery to date shows that Taylor has nothing in common with a class member that may have suffered an adverse action. Taylor surely did not.

### III. PROCEDURAL BACKGROUND

#### A. Status of Discovery

On April 15, 2016, Taylor served interrogatories and document requests on Spherion. The majority of Taylor's interrogatories (**Exhibit 5**) concerned burdensome class discovery, as opposed to the merits of Taylor's individual claims. On May 9, 2016, Spherion served its first set of interrogatories, requests for admissions and requests for production of documents on Taylor. On July 12, 2016, Taylor served his objections and responses to Spherion's written discovery requests. Taylor produced a total of 28 pages of documents in response to Spherion's 18 requests for production.

On July 21, 2016, Spherion served a document production, Bates range LIMA00000020-LIMA00000194, on Taylor. On August 4, 2016, counsel for Spherion sent an email to counsel for Taylor stating that Spherion had inadvertently produced a privileged email in its document production, and pursuant to the parties' protective order, stated that the inadvertent production did not constitute a waiver of Spherion's claim of privilege over the document and requested that counsel for Taylor destroy all copies of the privileged document. (Aug. 4, 2016 Casto Email, attached hereto as **Exhibit 6**). Spherion produced a new production with the privileged communication redacted on August 5, 2016. As of the filing of this motion, counsel for Taylor

5

has refused to address Spherion's request to delete and/or destroy the inadvertently produced privileged document. Instead, Taylor has turned his attention to obtaining class-wide discovery from Spherion and third-parties.

### B. Settlement Discussions

Spherion's counsel has on numerous occasions explained to Taylor's counsel why Mr. Taylor has no FCRA claims against Spherion and cannot represent a class of plaintiffs in an FCRA class action against Spherion. The parties have discussed settlement several times. Taylor's counsel made a settlement offer, and Spherion provided a counter proposal. Taylor's counsel has not responded to Spherion's counter despite the Court's order of August 9, 2016, in which the Court stated that "[c]ounsel are encouraged to focus on settlement at this time; to that end, all case deadlines are extended thirty (30) days." (Dkt. # 48.) Settlement discussions have not progressed, and Spherion feels compelled to proceed with its defenses.

### IV. ARGUMENT

The decision whether to bifurcate discovery lies within the sound discretion of the trial court. *Smith v. Allstate Insurance Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (district court did not abuse its discretion in bifurcating discovery). Specifically, Rule 42(b) of the Federal Rules of Civil Procedure permits the bifurcation of issues "[f]or convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (affirming bifurcation).

Furthermore, trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (trial court did not abuse

discretion in staying discovery pending resolution of preliminary question).  Limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995) (district court did not err in imposing "stringent limitations on pretrial discovery").

District courts in this Circuit have granted motions to bifurcate discovery in putative class actions.  *See, e.g., Gillie v. Law Office of Eric A. Jones, LLC*, No. 2:13-CV-212, 2013 WL 6255693, at *3 (S.D. Ohio Dec. 4, 2013) ("Bifurcation will allow the Court to resolve the issue of liability in this case, potentially preventing the needless expenditure of the Court's and parties' resources."); *Lossia v. Flagstar Bancorp, Inc.*, No. 15-12540, 2016 WL 4169145, at *1 (E.D. Mich. Aug. 5, 2016) (noting that "[d]iscovery has been bifurcated between plaintiff-specific and class-wide claims" in FCRA lawsuit).

Here, bifurcating discovery would promote "convenience," would "avoid prejudice," and would "expedite and economize" the resolution of this lawsuit.  FED. R. CIV. P. 42(b).  First, there can be no dispute that Spherion offered Taylor three separate jobs.  Because Spherion did not take any "adverse action" against Taylor, it had no obligation under the FCRA to send him the prescribed notice.  Thus, there are serious doubts as to whether Taylor can assert a claim under Section 1681b(b)(3) or represent a class of individuals who suffered an "adverse action," as Taylor would lack commonality with those individuals.

Without any adverse action, Taylor's only claim is that Spherion violated the FCRA by procuring a consumer report without using a disclosure form in the proper format under Section 1681b(b)(2).  This is at best a simple procedural violation, and it is highly doubtful that Taylor has suffered any "concrete and particularized" injury, as required by the United States Supreme

7

Court. *Spokeo*, 136 S. Ct. at 1548. **The Supreme Court has clarified that "a bare procedural violation . . . of one of the FCRA's procedural requirements" that "result[s] in no harm" to the plaintiff does not satisfy the demands of Article III of the Constitution.** *Id.* at 1550. Here, Taylor does not allege that he suffered any actual harm or injury as a result of using the wrong form, and the discovery to date has not shown any actual harm or injury. Under these circumstances, it is reasonable and legally sound to assert that the Court lacks jurisdiction to adjudicate Taylor's claim under Section 1681b(b)(2).

Since the Supreme Court's decision in *Spokeo*, district courts are already dismissing FCRA claims for lack of jurisdiction where the plaintiff has not suffered any actual harm. *See Smith v. Ohio State University*, No. 15-CV-3030, 2016 WL 3182675, at *4 (S.D. Oh. June 8, 2016) (dismissing plaintiffs' FCRA claim when plaintiffs did not "suffer a concrete consequential damage" as a result of the defendant's procedural violation, even though plaintiffs alleged they were misled as to their rights under the FCRA); *Groshek v. Time Warner Cable, Inc.*, No. 15-C-157, 2016 WL 4203506, at *3 (E.D. Wis. Aug. 9, 2016) (dismissing plaintiff's FCRA claim where plaintiff did not allege a concrete harm resulting from plaintiff's violation).

These issues raise serious doubts as to the viability of Taylor's claims, especially his claim based solely on the fact that Spherion used the wrong form. The parties should be briefing that issue right now, as opposed to proceeding with class-wide discovery. Indeed, rather than diving head first into class-wide discovery, the more efficient and economical route would be to finish discovery on Taylor's individual claims and resolve the question of Spherion's liability to Taylor up front.

It's also highly doubtful that Taylor can establish the commonality and typicality requirements necessary to certify a class based on the facts uncovered to date, and thus the

8

individual discovery on Taylor's ability to serve as a class representative should be tackled first and foremost. *See Lichoff v. CSX Transp., Inc.*, 218 F.R.D. 564, 575 (N.D. Ohio 2003) ("Of course, in light of the court's holding regarding commonality and typicality, it is obvious that the named plaintiffs cannot adequately represent a proposed class that does not share common issues and for which their claims are not typical."). Therefore, delaying class discovery "may obviate the need for such discovery and litigation, and, at the very least, will narrow the legal issues to be resolved in this case." *Gillie*, 2013 WL 6255693, at *3.

Furthermore, postponing class-based discovery allows the parties and the Court to avoid engaging in voluminous, expensive and time-consuming discovery seeking to identify potential class members. Significantly, none of the class-based discovery Taylor seeks could alter the threshold legal determination of whether Taylor has standing to sue, or whether he suffered an adverse action. Further, by temporarily staying class-based discovery, the parties would be spared the inconvenience of needlessly preparing for and attending out-of-town depositions of Spherion's corporate representative and third-party witnesses. Again, if discovery related to Taylor's individual claims, which is critical at this point, confirms that Taylor did not suffer any adverse action or concrete injury, the case will be over. *See Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered.")

It is important, also, that while bifurcation of discovery would cause only a slight inconvenience for Taylor, Spherion and other third-parties will be significantly prejudiced by having to expend substantial time and resources in complying with discovery for a case that likely lacks Article III standing. Based on Defendant's counsel's experience in other consumer class action cases, discovery on a class-wide basis will impose a significant cost on the Spherion.

And the costs of responding to discovery and making all required disclosures must be considered alongside the internal costs that Spherion would have to incur, such as employees' time in responding to written discovery, gathering documents and sitting for depositions.

Spherion will bear most of the burden related to discovery, as plaintiffs in FCRA cases often have little discoverable information in comparison to the defendant. Spherion's goal in seeking a stay is not to delay the resolution of this case. Rather, Spherion's goal is to avoid incurring substantial expenses that it will not be able to recoup while the parties and the Court resolve the threshold issues surrounding Taylor's individual claims.

Accordingly, any delay in these proceedings as a result of bifurcation is justified given the potential for a ruling that would "dispose of the case." *Bangas*, 145 Fed. Appx. at 141.

## V. CONCLUSION

This case involves a Plaintiff who is trying to invoke the Court's jurisdiction when he has suffered no actual harm. He is also trying to proceed with class discovery when he has suffered no adverse action and therefore lacks commonality with individuals that may have suffered an adverse action. It is respectfully requested that discovery in this case should be bifurcated so that the parties can address Plaintiff's individual claims before proceeding to class-wide discovery. Bifurcation would promote convenience, avoid prejudice and expedite and economize the resolution of this lawsuit. It is also respectfully requested that the Court also grant Spherion any and all further relief the Court deems just and proper.

        Respectfully submitted,

        **SPHERION OF LIMA, INC.**


        s/ William J. Barath
        One of its attorneys

| | |
|---|---|
| Isaac J. Colunga (*Pro Hac Vice*)<br>**ICE MILLER LLP**<br>200 W. Madison St.<br>Suite 3500<br>Chicago, IL 60606<br>Phone: 312-726-7157<br>isaac.colunga@icemiller.com | William J. Barath<br>Robert D. Weisman<br>**ICE MILLER LLP**<br>Arena District<br>250 West Street, Suite 700<br>Columbus, OH 43215<br>Phone: 614-462-2239<br>robert.weisman@icemiller.com<br>william.barath@icemiller.com |

*Attorneys for Defendant Spherion of Lima, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 22, 2016, he caused the foregoing document to be filed using the Court's CM/ECF system, which shall send electronic notification of this document being filed to all counsel/parties of record, which may access this document through the Court's notification.

/s/ William J. Barath_____

| | |
|---|---|
| Isaac J. Colunga (*Pro Hac Vice*)<br>**ICE MILLER LLP**<br>200 W. Madison St.<br>Suite 3500<br>Chicago, IL 60606<br>Phone: 312-726-7157<br>isaac.colunga@icemiller.com | William J. Barath<br>Robert D. Weisman<br>**ICE MILLER LLP**<br>Arena District<br>250 West Street, Suite 700<br>Columbus, OH 43215<br>Phone: 614-462-2239<br>robert.weisman@icemiller.com<br>william.barath@icemiller.com |

*Attorneys for Defendant Spherion of Lima, Inc.*