UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN TAYLOR, on behalf of himself and all others similarly situated,

        Plaintiff,

  -against-

SPHERION STAFFING, LLC, and
SPHERION OF LIMA, INC.,

        Defendants.

Civ. No. 3:15-cv-02299-JZ

**PLAINTIFF'S FIRST
SET OF INTERROGATORIES
DIRECTED TO DEFENDANT
SPHERION OF LIMA, INC.**

Plaintiff Jonathan Taylor, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, hereby serves upon Defendant Spherion of Lima, Inc. the following Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Plaintiff's Interrogatories:

1.     **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.     **Identify (with respect to persons)**. When referring to a person, "to identify," means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. **FCRA**. The term "FCRA" refers to the Federal Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681x.

8. **Data**. The term "data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

9. **Data Field**. The term "data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.

10. **Database/Databank**.  The terms "database" or "databank" mean any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

11. **Hardware**.  The term "hardware" means the physical components of a computer or any device capable of maintaining recorded data.  When directed to identify or describe said hardware, the identification and/or description shall include reference to mainframes, peripherals, tape drives, and data storage drives (this description should include manufacturer, model date and model number).

12. **Software**.  The term "software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.  When directed to identify or describe said software, the identification and/or description shall include reference to including all language formats, programming protocols, deletion/purge/suppression instructions and filter/screening instructions.  (Additionally, please include language/operating system and holder of copyright, if applicable; if not copyrighted, describe the location and custodian of all manuals, instructional texts and procedural documents that describe the applicable language/operating system).

13. **Computer**.  The term "computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data is maintained in that device or at some other location.  The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or

recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

14. **Personal Identifiers**.  The term "personal identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular person.

15. **Defendant/You/Your**. The terms "Defendant," "you," or "your" mean Spherion of Lima, Inc.

16. **Consumer Reporting Agency**.  The term "consumer reporting agency" refers to the definition at Section 1681a(f) of the FCRA.

17. **Consumer Report**.  The term "consumer report" refers to the definition at Section 1681a(d) of the FCRA.

18. **Concerning**.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

19. **All/Any/Each**.  The terms "all," "any," and "each" shall be construed as encompassing any and all.

20. **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. **Number**.  The use of the singular form of any word includes the plural and vice versa.

22. **Asurint** means One Source Technology, LLC d/b/a Asurint.

23. **Pre-Adverse Action Notice** means the written communication required by FCRA section 1681b(b)(3) and discussed in Plaintiff's Complaint at paragraph 28, notifying a candidate

for employment or promotion that adverse information on a consumer report may affect his/her candidacy, and including a copy of the consumer report and statement consumer rights under the FCRA.

24. **Adverse Action Notice** means a written communication to a candidate for employment or promotion informing the candidate that his/her candidacy has been adversely affected by information contained in a consumer report.

25. In answering these Interrogatories, you shall furnish all information known by you or available to you. If any of these Interrogatories cannot be answered in full, the Interrogatory shall be answered to the extent possible.

26. In the event you assert any form objection or privilege as a ground for not answering an Interrogatory or any part of an Interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the Interrogatory, the balance of the Interrogatory shall be answered in full.

27. When responding to an Interrogatory, references to attached documents or previously produced documents will be considered an incomplete, and therefore insufficient, answer.

## INTERROGATORIES

1. Identify all persons with any connection or involvement with Jonathan Taylor's application for employment with Defendant, including the procurement of a consumer report about Plaintiff.

2. Identify all information on an applicant's, or employee's, consumer report (*e.g.*, a felony conviction, negative credit history, etc.) that would disqualify that applicant, or employee,

from employment, or promotion, with Defendant. Attach a copy of any written rules or protocols which govern hiring decisions with respect to consumer reports.

3. Identify the name, address, telephone number, and subjects of information known by each individual who had any interaction, involvement or communication related to the establishment or review of your policies and procedures for compliance with 15 U.S.C. § 1681b(b)(2) over the previous five years.

4. Identify the name, address, telephone number, and subjects of information known by each individual who had any interaction, involvement or communication related to the establishment or review of your policies and procedures for compliance with 15 U.S.C. § 1681b(b)(3) over the previous five years.

5. State the number of consumer reports you obtained from Asurint using a written disclosure containing language substantially similar in form to that contained in the Candidate Profile provided to Mr. Taylor from November 9, 2010 to the present.

6. State the number and identify all persons for whom you obtained a consumer report from November 9, 2010 to the present after such person completed a Candidate Profile substantially similar in form to the one completed by Plaintiff Taylor on October 10, 2014.

7. State the number of consumer reports you obtained from Asurint from November 9, 2010 to the present which contained one or more product(s) flagged as "Record(s) Found" instead of "Completed."

8. Among the consumer reports comprising your response to Interrogatory No. 6, state the number of people to whom you sent or caused to be sent a Pre-Adverse Action Notice from November 9, 2010 to the present.

9. Among the people comprising your response to Interrogatory No. 7, state the number of people to whom you sent or caused to be sent an Adverse Action Notice from November 9, 2010 to the present.

10. State the number of consumer reports you obtained from any consumer reporting agency from November 9, 2010 to the present.

11. State the number of consumer reports you obtained from any consumer reporting agency from November 9, 2010 to the present which contained one or more product(s) flagged as "Record(s) Found" instead of "Completed."

12. Among the consumer reports comprising your response to Interrogatory No. 10, state the number of people to whom you sent or caused to be sent a Pre-Adverse Action Notice from November 9, 2010 to the present.

13. Among the people comprising your response to Interrogatory No. 11, state the number of people to whom you sent or caused to be sent an Adverse Action Notice from November 9, 2010 to the present.

14. State the number of Pre-Adverse Action Notices that you sent or caused to be sent from November 9, 2010 to the present.

15. Identify by name and address the persons who received the notices which comprise your response to the preceding Interrogatory.

16. State the number of Adverse Action Notices that you sent or caused to be sent from November 9, 2010 to the present.

17. Identify by name and address the persons who received the notices which comprise your response to the preceding Interrogatory.

18. State the number of natural persons who were the subject of a consumer report obtained from any consumer reporting agency that was used by Defendant to make an adverse employment decision regarding such employee or applicant for employment from November 9, 2010 to the present.

19. Identify by name and address the persons who comprise your response to the preceding Interrogatory.

20. Identify all complaints (written or oral), disputes (written or oral), lawsuits, regulatory actions, or other communications (written or oral) identifying the name and address of any job applicant with Defendant who believed that adverse action was taken against them because of inaccurate information on their consumer reports in connection with employment decisions for the past ten (10) years.

21. Identify the person or persons at your company with the highest degree of responsibility in overseeing the use of consumer reports or background checks in connection with employment decisions for the past ten (10) years, including the dates of responsibility applicable to each person.

22. Identify the person or persons at your company with the highest degree of responsibility in overseeing Defendant's drafting, use and storage of executed Candidate Profiles and/or consent forms from employees and applicants in order to request consumer reports for employment purposes from November 9, 2010 to the present, including the dates of responsibility applicable to each person.

23. Identify the person or persons at your company with the highest degree of responsibility in communicating with Asurint concerning the procurement of consumer reports for

employment purposes for the past ten (10) years, including the dates of responsibility applicable to each person.

24. Identify the person or persons at your company with the highest degree of responsibility in overseeing Defendant's drafting, use and storage of executed Candidate Profiles and/or consent forms from employees and applicants in order to request consumer reports for employment purposes for the past ten (10) years, including the dates of responsibility applicable to each person.

25. Identify the person or persons at your company with the highest degree of responsibility in overseeing the use of consumer reports or background checks in connection with employment decisions in the past ten (10) years, including the dates of responsibility applicable to each person.

Dated:  April 15, 2016                                    BY:  _____
JAMES A. FRANCIS (*pro hac vice*)
JOHN SOUMILAS (*pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com

**O'TOOLE, MCLAUGLIN, DOOLEY & PECORA, Co LPA**
MATTHEW A. DOOLEY (0081482)
5455 Detroit Road
Sheffield Village, OH 44054
T: 440.930-4001
F: 440.934.7205
E: mdooley@omdplaw.com

*Attorneys for Plaintiff and the Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing *Plaintiff's First Set of Interrogatories Directed to Defendant Spherion of Lima, Inc.* was sent via first class mail and email to the counsel listed below.

William J. Barath
Robert D. Weisman
ICE MILLER LLP
Arena District
250 West Street, Suite 700
Columbus, OH 43215
robert.weisman@icemiller.com
william.barath@icemiller.com

and additionally, via email only to the counsel listed below:

Isaac J. Colunga
ICE MILLER LLP
200 W. Madison St.
Suite 3500
Chicago, IL 60606
isaac.colunga@icemiller.com

DATE:  April 15, 2106

_____
John Soumilas